IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LOL FINANCE CO.                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 4:09cv23-MS

EASY MONEY CATFISH COMPANY;
MITCHELL PEARSON;
PATRICIA M. PEARSON;
ROBERT N. PEARSON;
GEORGIA S. PEARSON; and
KEVIN PEARSON                                                                                           DEFENDANTS

**ORDER**

Defendant Mitchell Pearson has filed a motion seeking for this court to reconsider its denial of his summary judgment motion or, alternatively, to certify the issues in this case for interlocutory appeal. In so moving, defendant argues that, by raising the likelihood that it would seek an equitable resolution of the issues in this case, this court had "erroneously interjected principles of equity and negligence into a contractual dispute." This is a curious assertion, given that Mississippi law plainly states that "no right to a deficiency judgment vests until plaintiff satisfies equity that it would be equitable, in the light of the sale price, to authorize a deficiency judgment." *Mississippi Valley Title Ins. Co. v. Horne Const. Co., Inc*., 372 So.2d 1270 (Miss. 1979), *citing* 59 C.J.S. Mortgages s 778, page 1474 (1949). Indeed, it is clear that Mississippi law as a whole in this context is heavily informed by principles of equity, and the notion that the court would be disregarding Mississippi law by considering equitable principles is simply false.

Defendant argues that this court failed to follow "controlling law in Mississippi" stating that a "full-credit bid at an auction sale extinguishes the debt and any lien attaching to the property." In so arguing, defendant presumably refers to *Wansley v. First National Bank of Vicksburg*, 566 So.2d

1218, 1223 (Miss. 1990). This court did consider *Wansley* in its order, but in so doing, it noted that *Wansley* "deal[t] with a factual scenario which is the exact opposite of the one here." Specifically, this court wrote that:

> *Wansley* and similar cases involved a fact pattern where the lender successfully bid on the foreclosed property for an amount which was alleged by the borrower to be *too low* to support a deficiency judgment." ... *Wansley* thus sets forth a standard designed to protect the borrower from being prejudiced by a lender's purchase of foreclosed property for an amount which is unfairly low, in cases where the sale was conducted on terms which are commercially unreasonable. In this case, by contrast, it seems clear that the foreclosure sale was actually a giant windfall for the defendants since, by all indications, the plaintiff vastly overpaid for the property in question.

Moreover, the court specifically noted the possibility that it would eventually conclude that plaintiff was not entitled to a deficiency judgment in this case, but that it was "simply undecided regarding these matters" at this juncture. The court thus advised defendant that it was actively considering resolving this case in his favor, and defendant would be well-advised to concentrate on persuading this court to do so, rather than seeking to appeal a ruling which it did not make.

It is therefore ordered that defendant's motion to reconsider is denied.

SO ORDERED, this the 3rd day of December, 2010.

    /s/ Michael P. Mills
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF MISSISSIPPI